# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **DUFERCO STEEL, INC.** | § | **CIVIL ACTION NO. 2:16-cv-4071** |
| **Plaintiff** | § | |
| **V.** | § | **JUDGE** |
| | § | |
| **M/V ATLANTIC DAISY, her engines, boilers,** | § | |
| **tackle, etc.,** *in rem,* **HELMSTAR SHIPPING SA** | § | **MAG. JUDGE** |
| **and NISSEN KAIUN CO. LTD.,** *in personam* | § | |
| | § | |
| **Defendants** | § | **IN ADMIRALTY** |

## ORIGINAL COMPLAINT

Plaintiff, DUFERCO STEEL INC. (Duferco or Plaintiff), alleges for its complaint against the M/V ATLANTIC DAISY, *in rem*, and HELMSTAR SHIPPING SA AND NISSEN KAIUN CO. LTD., *in personam*, the following causes of action which respectfully will be proven by a preponderance of credible evidence.

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or is brought pursuant to 9 U.S.C.A. §8, for preservation of *in rem* security for arbitration.

2. Plaintiff is the owner or duly authorized representative of the owners or underwriters or subrogated underwriters of cargo shipped on board the captioned vessel which is more particularly described in the attached Schedule A, and for which bills of lading were issued. Plaintiff's principal office and place of business is stated in Schedule A.

3. Defendant Helmstar Shipping SA had and now has the legal status and offices and places of business stated in Schedule A. They were engaged in business as common carriers of merchandise by water for hire, and were the vessel owners, operators, managers and controlled the captioned vessel which now is, or will be, within the jurisdiction of this Court or another U.S. court of competent

jurisdiction during the pendency of the action. Plaintiff requests that the Court permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

4.   Defendant Nissen Kaiun Co., Ltd. had and now has the legal status and offices and places of business stated in Schedule A. They were engaged in business as the vessel owners, beneficial vessel owners, operators, charterers, managers and controlled the captioned vessel which now is, or will be, within the jurisdiction of this Court or another U.S. court of competent jurisdiction, during the pendency of the action. Plaintiff requests that the Court permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

5.   The cargo described in Schedule A was sold, shipped, inspected, carried, kept, discharged and delivered from the captioned vessel not in the same good order and condition as when received, rather, it was delivered by defendants in non-conforming and contaminated condition, mis-delivered and non-delivered due to the fault, neglect, deviation, unseaworthiness, maritime tort, breach of warranty, and conversion of defendants, their agents and servants

6.   Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action

7.   Plaintiff has duly performed all duties and obligation on its part to be performed.

8.   Plaintiff's damages are in excess of **$22,420.92** for which demand has been made but not paid. Plaintiff demands recovery from defendants, jointly and severally.

Wherefore, Plaintiff demands that summons issue against defendants in proper form; that judgment be entered in its favor in an amount exceeding $22,420.92 plus interest and the costs and disbursements of this action; that process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against the captioned vessel, her engines, etc., and that all persons having or claiming an interest therein be cited to appear and answer under oath all

and singular the matters stated, and this Court pronounce judgment in favor of Plaintiff for its damages together with interest, costs and disbursements, and the captioned vessel be condemned and sold in satisfaction, and that this Honorable Court grant Plaintiff such other and further relief which is just and proper.

Respectfully submitted,

W. SEAN O'NEIL, ATTORNEY AT LAW

*/s/ W. Sean O'Neil, Esq.*
**W. Sean O'Neil** (#24033807)
1880 S. Dairy Ashford St., Suite 208
Houston, Texas  77077
Telephone:      (281) 496-0193
Telefax:         (281) 496-0680
**ATTORNEY FOR PLAINTIFF**

# SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Duferco Steel Inc**, was and now is a Delaware corporation with an office and place of business at 100 Matawan Road, Suite 400, Matawan, New Jersey 07747.

**M/V ATLANTIC DAISY** (IMO 9329423) was at all material times a general cargo ship sailing under the flag of the Panama. She was built in 2007; her call sign is 3EMR9, and gross tonnage is 22698 tons.

Defendant, **Helmstar Shipping SA** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Louisiana and the United States as a common carrier of goods, which does not maintain a designated agent in Louisiana upon whom service can be made, and thus may be served through F.R.C.P 4(k)(2), in care of the following:

> c/o Hakuyo Kisen KK (Hakuyo Kisen Co Ltd)
> 236-8, Arouzu
> Hakata-cho
> Imbari-shi, Ehime-ken
> 794-2301, Japan

Defendant, **Nissen Kaiun Co., Ltd.** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Louisiana and the United States, and who maintains a designated agent in Louisiana upon whom service can be made, and thus may be served as follows:

> 829-1, Kinoura
> Hakata-cho
> Imbari-shi, Ehime-ken
> 794-2305, Japan

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V ATLANTIC DAISY |
| Date of Shipment: | MARCH 1, 2105 |
| Port of Shipment: | ODESSA, UKRAINE |
| Ports of Discharge: | NEW ORLEANS, LA |
| Bills of Lading: | 1MX WBCP0077882, 2MX WBCP0077883, and 3MX WBCP0077884 |
| Description of Cargo: | PRIME WIRE RODS |
| Nature of Loss or Damage: | Physical Damage |
| AMOUNT: | $22,420.92 |

4